UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>OKEISHA AUSTIN,<br><br>    Defendant. | Case No. 11-cr-00719-SI-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR TERMINATION OF SUPERVISED RELEASE**<br><br>Re: Dkt. No. 111 |

Defendant Okeisha Austin has filed a motion to terminate supervised release, which the government has opposed. Both defendant Austin and the government have agreed that the motion may be decided without oral argument.

Defendant's supervised release is set to expire in June 2018, and she has served approximately one half of her three year term of supervised release. Defendant requests that the Court terminate her supervised release because her conduct since release from prison "personifies change, cooperation, and absolute compliance." Dkt. No. 111 ¶ 9. Defendant states that since her release from prison, she has complied with all of the conditions of her supervised release without incident. Defendant also asserts that if she was released from supervised release she would be able to find a job that pays more than her current position (at DRA, Inc.).

The government opposes defendant's motion. The government also states that counsel has been informed by defendant's Probation Officer in the Central District of California that the Probation Office does not join in defendant's request. Dkt. No. 115 at 1-2. The government argues that early termination of supervised release is not appropriate because, *inter alia*, defendant still owes more than $600,000 in restitution, and although any unpaid restitution obligation converts to a civil judgment upon termination, defendant's specific obligation to make regular

monthly payments as part of her supervision expires with termination. The government also notes that defendant has not yet complied with one of the special conditions of her supervised release, namely that defendant complete two speaking engagement about her crime to community or business groups. With regard to defendant's employment, the government argues that defendant does not explain how being on supervision prevents her from finding a higher paid job, and that to the extent defendant suggests that being on supervised release prevents her from jobs with "fiduciary capacities," any such restrictions placed on her by her Probation Officer are likely appropriate given her underlying fraud conviction.

"[A]fter considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.'" *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (quoting 18 U.S.C. § 3583(e)(1)). The factors set forth in section 3553(a) include the nature and circumstances of the offense, the need for deterrence, and the need to protect the public. *See* 18 U.S. C. § 3553(a). The court has broad discretion in determining whether to grant a motion to terminate early supervision.

The Court concludes that it is not in the interest of justice for defendant's supervised release to terminate at this time. The Court commends defendant for her performance thus far. However, the Court agrees with the government that early termination is not appropriate in light of defendant's restitution obligation and because defendant still needs to complete two speaking engagements as required by the terms of her supervised release. Accordingly, the Court DENIES defendant's current motion for termination of supervised release.

**IT IS SO ORDERED**.

Dated: January 10, 2017

_____
SUSAN ILLSTON
United States District Judge