UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OKEISHA AUSTIN,<br><br>Defendant. | Case No. 11-cr-00719-SI-1<br><br>Case No. 18-cv-06244 SI<br><br>**ORDER DISMISSING DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255**<br><br>Re: Dkt. No. 122 |

Defendant Okeisha Austin, acting *in pro per*, submitted a letter to the Court on or about October 11, 2018, *see* Dkt. Nos. 121 and 122, which the Court construed as a petition under 28 U.S.C. § 2255. The government has filed its opposition, and defendant has filed a reply. Dkt. Nos. 127, 129. For the reasons set forth below, the Court DISMISSES defendant's motion for lack of jurisdiction.

**BACKGROUND**

On September 29, 2011, defendant was charged by indictment with one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349; two counts of wire fraud in violation of 18 U.S.C. § 1343; and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). On August 21, 2012, defendant entered pleas of guilty to the wire fraud charges. Dkt. Nos. 59 & 60.[1]

---
[1] The plea agreement is under seal. According to the government's sentencing memorandum, defendant was a loan officer involved in brokering mortgages, and she assisted her co-conspirator Robert Schenk in obtaining two mortgage loans for his home in Pacific Palisades. *See generally* Dkt. No. 94. When Schenk had difficulty making his mortgage payments, defendant

Prior to the scheduled sentencing, defendant's counsel lodged an under-seal pleading with the Court seeking to withdraw as counsel. On January 11, 2013, the Court held a hearing on that motion. The Court granted the motion and ordered that new counsel be appointed. Dkt. Nos. 66-68. After new counsel was appointed, defendant sought to withdraw her guilty pleas. Dkt. No. 83. The Court denied that motion at a hearing on May 22, 2013. Dkt. No. 92.

On July 12, 2013, the Court imposed a sentence of 24 months' imprisonment, to be followed by a three-year term of supervised release, and $610,000 in restitution. Dkt. No. 104. According to www.bop.gov, defendant was released from custody on June 16, 2015, and thus her term of supervised release was due to expire on or about June 15, 2018. *See also* Def's Motion for Early Termination of Supervised Release at 1 (Dkt. No. 111) ("My supervision began on June 16, 2015."); Def's § 2255 Motion at 4 (Dkt. No. 122) ("Lastly, I am now off Probation as of June 15, 2018 ...").

## DISCUSSION

Defendant raises a number of claims in her filings. Defendant's motion contends that she was "forced to plea out of duress" and that she was a victim of a conspiracy perpetrated by her co-conspirator, Robert Schenck; Schenk's mother; her former attorney; and "Holuminati/Illuminati/masonic regimes." Dkt. No. 122 at 1-2. Defendant also claims that "iron brain bar inserts" were put in her brain and that she is the biological daughter of President Donald J. Trump." *Id.* at 4, 7. Defendant's reply brief, with numerous attachments, makes similar assertions about a conspiracy against defendant. *See generally* Dkt. No. 129.

The government contends that defendant's motion is moot because defendant has served her sentence and is no longer in custody. The government also contends that defendant's section 2255 motion should be denied because her factual assertions are "palpably incredible," and the

---

agreed to help him get a loan from the mortgage lender Apreva Financial Corporation ("Apreva") in the name of an elderly individual named John Feare. Mr. Feare was not aware that a loan was taken out in his name. Among other things, defendant knowingly submitted false material information to Apreva relating to Feare, and she commissioned the creation of false documents in connection with the loan application. Apreva funded the loan, and after payments were made out of escrow, some funds were ultimately wired to Schenk's bank account. Defendant's mortgage brokerage, which she co-owned, earned nearly $80,000 in commissions and fees from the loan.

government argues that there was ample evidence to support defendant's convictions. Finally, the government argues that if the Court construes defendant's motion as a petition for a writ of error *coram nobis* pursuant to the All Writs Act, the Court should deny the motion because defendant fails to meet the requirements of bringing a successful *coram nobis* claim. *See generally United States v. Kwan*, 407 F.3d 1005, 1011 (9th Cir. 2005), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010) (discussing statutory authority for writ of *coram nobis* and requirements for bringing such a claim).

The Court finds that it lacks jurisdiction over defendant's section 2255 motion because defendant is no longer in custody and her term of supervised release has ended. "By its clear terms, § 2255 is applicable only to prisoners in custody claiming the right to be released." *United States v. Kramer*, 195 F.3d 1129, 1130 (9th Cir. 1999) (holding defendant who solely challenged restitution order and did not seek release from custody could not bring a motion under section 2255); *see also Maleng v. Cook*, 490 U.S. 490, 492 (1989) ("[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."). The "in custody" requirement is jurisdictional. *See United States v. Reves*, 774 F.3d 562, 564-65 (9th Cir. 2014). Accordingly, because defendant is not "in custody" and does not seek relief available under section 2255, the Court dismisses the motion for lack of jurisdiction. *See id*.

The Court also agrees that defendant has not shown that relief is warranted under the All Writs Act. "The writ provides a remedy for those suffering from the 'lingering collateral consequences of an unconstitutional or unlawful conviction based on errors of fact' and 'egregious legal errors.'" *United States v. Walgren*, 885 F.2d 1417, 1420 (9th Cir. 1989) (*quoting Yasui v. United States*, 772 F.2d 1496, 1498, 1499 & n. 2 (9th Cir. 1985)). Defendant has shown neither an "unconstitutional or unlawful conviction based on errors of fact" nor "egregious legal errors."

///

///

3

Accordingly, the Court DISMISSES defendant's motion for lack of jurisdiction. To the extent defendant's motion could be construed as a petition for writ of error *coram nobis*, the motion is DENIED.

**IT IS SO ORDERED**.

Dated: December 24, 2018

SUSAN ILLSTON
United States District Judge